[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this suit on a promissory note, the parties have stipulated to submit the evidence entirely in the form of documents, including a transcript of the deposition of the defendant Spiros Velezis. The second defendant Ali Mashayekhi was the subject of an earlier default for failure to appear. The court has received sufficient evidence to find that Mashayekhi is not in the military service.
The substituted plaintiff Wilshire Funding Corporation is the successor holder of a note of whom the maker was Velezis and the guarantor was Mashayekhi. The note was for $30,000. It was signed on December 27, 1989. For a time, regular payments were made.
The note was secured by a mortgage on real property at 431 West Main Street, Waterbury, CT. In 1993 a previous holder of the note instituted foreclosure proceedings. The foreclosure action was withdrawn on November 17, 1994.
The note matured on December 27, 1994. This action was commenced by service of process on the defendants on December 23, 1997. The court finds that the outstanding principal due on the note is $19,874.54; that pre-judgment interest as specified in the note at 13.5% to today's date is $27,242.44; and that there is an insufficient basis to assess late charges or "other" charges, such as escrow advances, on the face of the note or from other evidence.
At the hearing on this matter, the defendant Velezis orally withdrew his special defense of the statute of limitations. There is insufficient evidence to support his second special defense of laches.
The court finds the issues in favor of the plaintiff and enters CT Page 4361 judgment against both defendants in the amount of $47,116.98, exclusive
of attorney fees and costs. The parties agreed that upon a finding in favor of the plaintiff, the court would entertain subsequent submissions on the issue of attorney fees, and would hold an additional hearing if necessary. The plaintiff shall submit its attorney fee affidavit on or before April 17, 2002. Thereafter should the defendant object to the fee request or wish to be heard thereon, he shall file such objection or notify the clerk in writing on or before April 30, 2002. Upon those submissions, the court will consider supplementing the judgment entered this day with an award of attorney fees, and will consider whether to award interest pursuant to the plaintiff's offer of judgment filed on September 3, 1998.
Meanwhile partial judgment shall enter in favor of the plaintiff against both defendants in the amount $47,116.98.
Patty Jenkins Pittman, Judge